# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on 18-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| ANDREW T. MALISKA, | : | VIOLATIONS: |
| | : | |
| Defendant. | : | 18 U.S.C. § 2261A(2), 2261(b)(6) |
| | : | (Cyberstalking) |
| | : | |
| | : | 18 U.S.C. § 1028(a)(7) |
| | : | (Identity Theft) |
| | : | |

## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At times material to this indictment:

1. From in or about September 2009 to in or about June 2013, defendant Andrew T. Maliska ("MALISKA") was a resident of Washington, D.C.

2. From in or about September 2010 to in or about May 2017, Victim was a resident of Washington, D.C.

3. Beginning in 2012, MALISKA and Victim were students and friends at a University in Washington, D.C. Though MALISKA expressed romantic feelings for Victim, she did not reciprocate these feelings. The two remained in contact for about three years thereafter, both at

1

the University and after graduation.

## THE CYBERSTALKING AND IDENTITY THEFT

4.      On or about October 28, 2013, MALISKA accessed Victim's Facebook account without authorization, causing Victim to be temporarily locked out of her Facebook account. At or about this time, MALISKA obtained images of Victim stored in the Facebook account.

5.      Between in or about October, 2013, and in or about January, 2015, MALISKA took the images of Victim taken from her Facebook account and posted them on multiple publicly-accessible websites, including chat forums (*e.g.,* Reddit, 4Chan) and pornographic websites (*e.g.,* Primejailbait, CumOnPrintedPics.com). For example:

  a. Using aliases similar to "Randall Cunningham" and "radawg1," such as "Randal," "Rawr1234," and "Rakasaw," MALISKA posted photos of Victim to web forums such as 4Chan and 8Chan, which were consequently picked up by a 4Chan-archive website called fgtsi.com. MALISKA posted comments about Victim's family, referencing Victim by name, and identifying her with photographs. Among other things, MALISKA called Victim a "slut" and stated that she prostitutes herself, that she had a sexual preference for African-American men and "big black cock," that she was impregnated by a member of the University basketball team, and that Victim's brother had raped and impregnated her.

      b. Using the Twitter account "radawg1," MALISKA posted a sexualized photo collage of Victim with the words "BBC whore" and with Victim's name and Victim's Instagram and email handle.

      c. Using an account MALISKA created under the handle "rakasaw" on the website CumOnPrintedPics.com, MALISKA posted numerous photographs of Victim. MALISKA requested that individuals viewing the posts doctor the images to create fake, nude, and sexualized photographs of Victim.

6. On or about January 25, 2015, MALISKA sent a message to a friend of Victim attaching a photo collage (the "Photo Collage") which was comprised of photos of Victim and others juxtaposed with a close-up photo of a vagina, and a photo of a woman resembling Victim engaged in fellatio, along with a screenshot of Victim's Facebook profile and Victim's full name. The friend told Victim and shared the photo collage. Realizing that her Facebook page had been accessed without her permission and that her private photos had been taken, Victim searched and found numerous images and information about herself posted online, including on pornographic websites such as Primejailbait.com, Primegf.com, and Primeassteens.com.

7. On or about March 14, 2015, MALISKA accessed Victim's Facebook account without authorization. Among other things, MALISKA caused Victim's account password to be reset and caused her recovery email to be changed to pornstuff501@gmail.com, an email account controlled by MALISKA and not known to Victim. Victim then deactivated her Facebook account. Victim later reactivated her Facebook account.

8. In or about May, 2015, MALISKA posted on an escort website (eeow.com) an escort advertisement listing Victim's name and telephone number as a potential escort. As a result of MALISKA's advertisement, Victim received communications from individuals responding to MALISKA's posted advertisement, including escort inquiries at her place of employment.

9. On or about September 29, 2015, MALISKA sent Victim's parents an email entitled, "[Victim, Victim's job/position and company] ---SUCKING NIGGERDICK----SEXTING." This email contained a link to an 8Chan online forum that linked to a page on which the Photo Collage had been posted.

10. Thereafter, Victim's parents hired an attorney who discovered hundreds of online posts that included photos or commentary (or both) about Victim.

11. On or about October 14, 2015, Victim filed a civil suit against MALISKA in the Court of Common Pleas, Cuyahoga County, Ohio. In or about May and June, 2016, as part of the settlement of that civil suit, MALISKA admitted, among other things:

   i. that he, under an anonymous name or alias, published defamatory statements about Victim on the internet and that he did so intentionally;

   ii. that he accessed, without permission, Victim's personal and private Facebook accounts without her authorization, and that he obtained her personal photographs;

   iii. that he personally altered or directed others to alter Victim's photographs so as to depict her in sexually explicit poses;

   iv. that he posted the altered photos on various websites and did so intentionally;

   v. that he posted other information about Victim on websites (including pornographic websites) and intentionally left her contact information so as to enable strangers to contact her;

  vi. that he was responsible for the posting of over 60 separate postings about Victim, and used her stolen photos in these posts to malign her; and

  vii. that he published and/or sent defamatory statements and/or sexually explicit content about Victim to her parents.

12. Under the settlement agreement, MALISKA agreed, among other things, to disclose all content he had posted about Victim, to remove any content posted about Victim, and to never again post about Victim and her family. As part of the settlement, the court entered a stipulated judgment and a permanent injunction which required, among other things, that MALISKA "shall never make any posts about [Victim] or her family members on any blog or website" and "shall delete … all photographs or other content relating to [Victim] from any electronic device in his possession . . . and shall delete all content stored in any form, including any on-line accounts[.]" Settlement Agreement, paragraphs 1(a), 4, 8; Final Entry and Permanent Injunction, paragraphs 5, 6.

13. After the settlement, however, MALISKA continued to engage in stalking activity in direct violation of the settlement agreement and court orders, including the following:

  a. In or about August, 2017, MALISKA commissioned an individual to create a depiction of Victim engaging in sexual activity with three men.

  b. On or about November 18, 2017, MALISKA commissioned a second individual to depict Victim having sexual intercourse with her father.

14. In particular, by no later than on or about November 3, 2016, MALISKA had created a Facebook account in the name of the Victim ("the Fake Facebook Account"). MALISKA used Victim's photographs for the Fake Facebook Account's Profile Photo and Cover Photo. MALISKA included Victim's personal identification information (including her geographic location, place of birth, high school, and employer) to complete the "Intro" and "About" sections. MALISKA maintained the account as active until at least February 28, 2018.

15. Between in or about November, 2016, and February, 2018, MALISKA used the Fake Facebook Account to exchange messages and "friend" other individuals while posing as Victim. As of February 28, 2018, MALISKA (using Victim's identity) had 410 friend connections in the Fake Facebook Account in Victim's name.

16. Victim neither initiated nor authorized the Fake Facebook Account, and MALISKA never disclosed that he had created the Fake Facebook Account to the Victim, nor did he attempt to delete the account nor remove its contents.

### COUNT ONE
### (Cyberstalking)

17. Paragraphs 1 through 16 are re-alleged here.

18. Between on or about October 28, 2013, and on or about February 28, 2018, in the District of Columbia, and elsewhere, the defendant, ANDREW T. MALISKA, with the intent to injure, harass, and intimidate Victim, used an interactive computer service or electronic communication service or electronic communication system of interstate commerce, including a Google email account, multiple websites, and a Facebook account, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional

distress to Victim and her immediate family members, all in violation of Title 18, United States Code, Section 2261A(2)(B).

19.     Defendant ANDREW T. MALISKA did the same in violation of a temporary or permanent civil injunction, restraining order, and other order described in Title 18, U.S. Code, Section 2266.

(**Cyberstalking,** in violation of Title 18, U.S. Code, Sections 2261A(2), 2261(b)(6))

## COUNT TWO
### (Identity Theft)

20.     Paragraphs 1 through 16 are re-alleged here.

21.     In or about May, 2015, beginning within the District of Columbia and elsewhere, ANDREW T. MALISKA, during and in relation to the crime of cyberstalking, in violation of Title 18, United States Code, Section 2261A, as more fully set forth in Count One above, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, Victim, when he transferred, possessed, and used Victim's name and telephone number in connection with an advertisement he posted on an escort website (eeow.com).

(**Identity Theft,** in violation of Title 18, United States Code, Section 1028(a)(7))

## COUNT THREE
**(Identity Theft)**

22. Paragraphs 1 through 16 are re-alleged here.

23. In or about November, 2016, beginning within the District of Columbia and elsewhere, ANDREW T. MALISKA, during and in relation to the crime of cyberstalking, in violation of Title 18, United States Code, Section 2261A, as more fully set forth in Count One above, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, Victim, when he transferred, possessed, and used Victim's name and photographs in connection with the Fake Facebook Account.

(**Identity Theft,** in violation of Title 18, United States Code, Section 1028(a)(7))

A TRUE BILL

_____
Foreperson

_____
JESSIE LIU,
UNITED STATES ATTORNEY